IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC GENE WILLIAMS                                                                                          PLAINTIFF

v.                                    Civil No. 2:24-cv-02005-SOH-MEF

SEBASTIAN COUNTY SHERIFF'S
OFFICE, *et. al.*                                                                                           DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint on January 17, 2024. (ECF No. 1). The Order provisionally filing the case and granting him *in forma pauperis* ("IFP") status advised Plaintiff that he must keep the Court apprised of his address or his case would be subject to dismissal. (ECF No. 3). On February 6, 2024, Plaintiff submitted a Notice of Address Change indicating he had been released from custody. (ECF No. 6). In accordance with District policy, the Court entered an Order directing Plaintiff to submit an updated IFP application reflecting his free-world financial status by March 12, 2024. (ECF No. 7). When Plaintiff failed to do so, the Court entered a Show Cause Order on March 22, 2024, directing Plaintiff to show cause for his failure to obey a Court Order. (ECF No. 8). Both Orders were sent to the address provided by Plaintiff in his Notice of Address Change.

1

On March 25, 2024, the Order directing Plaintiff to submit a revised IFP application was returned undeliverable, indicating the mail could not be forwarded. (ECF No. 9). The deadline for Plaintiff to submit his new address to the Court was set for April 24, 2024. (*Id*.). On April 4, 2024, the Show Cause Order was returned as undeliverable, indicating the address was vacant, and the mail could not be forwarded.

To date, Plaintiff has failed to inform the Court of his new address. He has not communicated with the Court since filing his Notice of Address change on February 16, 2024.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred, as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE